UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BILLY EDO,  **MEMORANDUM AND ORDER**
 13-CV-1782 (KAM)
               Plaintiff,

      -against-

CITY OF NEW YORK,

              Defendant.
------------------------------------------------------------x
**MATSUMOTO, United States District Judge:**

      On March 29, 2013, plaintiff Billy Edo ("plaintiff") filed this *pro se* action. (ECF No. 1, Complaint ("Compl.") [1].) For the reasons set forth below, plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Memorandum and Order, and the complaint is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

      Plaintiff's 147-page complaint is, at best, a rambling narrative devoid of comprehensible facts. To the extent the court is able to discern his allegations, plaintiff alleges that various African-American police officers have harassed him over many years in several ways. For instance, plaintiff alleges that the defendant police officers are attempting to murder him (*see* Compl. at 52), and that the officers are "trying to poison [him] by using other people with premedical [*sic*] in his café and food in café restaurant." (*Id*. at 15.) Plaintiff further alleges that the defendant officers somehow barred plaintiff from having children as well as an interracial girlfriend, and also "barred him [from having] sexual intercourse with any women through sexual harassment and color state [*sic*] since 2002 to 2010." (*Id*. at 9.) The defendants

---

[1] Because plaintiff's complaint lacks consistently numbered paragraphs and page numbers, the court will refer to the ECF-generated page numbers when citing to specific portions of the complaint.

1

allegedly accomplished this "by chasing white females and jobs employers away from plaintiff with defamatory statement[s] and [] brainwashing them and scaring them with police advantage to have her for themselves and as well using [their] telephone network [to track] the plaintiff his place of work to share" the defendants' purported statements that "plaintiff is smelling [*sic*] and his companies [are] conducting scam [*sic*] and fraud businesses." (*See id*. at 3, 10, 12.) Plaintiff seeks monetary damages in varying amounts; at least with respect to his putative defamation claim against defendants, plaintiff appears to seek more than $240,000,000.00. (*See id*. at 141-42.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss a complaint filed *in forma pauperis* where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petro. Co.,* 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677-80 (2009)), *aff'd* 133 S. Ct. 1659 (2013). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly,* 550 U.S. at 555).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend if "'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Andersen v. Young & Rubicam Adver.*, 487 F. App'x 675, 676 (2d Cir. 2012).

## DISCUSSION

In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court held that a court may dismiss an *in forma pauperis* complaint as factually frivolous if the facts alleged are clearly baseless. "[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. 25, 33. The Supreme Court has further recognized that a complaint is frivolous when it embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, plaintiff's repetitive allegations are both irrational and incredible. Even under the very liberal reading the court accords *pro se* pleadings, plaintiff's allegations can only be described as delusional and fantastic. *See Denton*, 504 U.S. at 33. Because even a "liberal

3

reading of the complaint gives [no] indication that a valid claim might be stated," *Andersen*, 487 F. App'x at 676, and instead demonstrates that plaintiff's complaint lacks any basis in law or fact, the complaint is frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and is therefore dismissed. *Banks-Gervais v. I.R.S.*, No. 12-cv-4300, 2012 WL 5504883, at *1-2 (E.D.N.Y. Nov. 13, 2012) (dismissing *in forma pauperis* complaint as frivolous where complaint's allegations were largely incomprehensible, and "the allegations that [we]re comprehensible [we]re frivolous").

## CONCLUSION

Accordingly, for the reasons set forth above, the complaint filed *in forma pauperis* is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The clerk of court is respectfully requested to close this case, and to mail a copy of this Order and judgment upon the *pro se* plaintiff, along with the appeals packet, and to note service of the same on the docket.

**SO ORDERED**.

                                                                 /s/
                                                    KIYO A. MATSUMOTO
                                                    United States District Judge

Dated: Brooklyn, New York
       May 9, 2013